IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE EMERY MITCHELL, <br> # K-56377, <br><br> Plaintiff, <br><br> vs. <br><br> VANDALIA CORRECTIONAL CENTER, <br> GEPHART, S. A. GODINEZ, <br> LISA MARCUM, JAMES LUTH, <br> and PHIL POT, <br><br> Defendants. | Case No. 14-cv-01070-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Shane Mitchell, an inmate who is currently incarcerated at Vandalia Correctional Center ("Vandalia"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). According to the complaint, Plaintiff suffers from a wool allergy. Even though he brought medical records documenting the allergy to Vandalia, prison officials issued Plaintiff a wool blanket and then disciplined him when he refused to make his bed with it. Plaintiff now sues Vandalia and five officials for harassment in connection with their handling of his wool allergy, and he seeks "compensation." He also seeks a prison transfer, in anticipation of retaliation by Vandalia officials for filing this lawsuit.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). For the reasons set forth below, the complaint does not survive threshold review under this standard and shall be dismissed.

## The Complaint

According to the complaint, Plaintiff has a diagnosed and documented wool allergy (Doc. 1, p. 6). His medical records from Stateville Correctional Center ("Stateville") allegedly

reflect this diagnosis. On June 17, 2014, Plaintiff transferred to Vandalia Correctional Center ("Vandalia") with these medical records in tow, but Vandalia officials failed to review them.

Plaintiff was issued a wool blanket. When he refused to make his bed with it on June 29, 2014, Sergeant Simmons[1] took him to segregation for disobeying a direct order. Plaintiff was issued a disciplinary ticket and appeared before the adjustment committee the following day. Plaintiff testified that he suffered from a wool allergy; he explained that he did not refuse to make his bed, but instead refused to use a wool blanket to do so. The adjustment committee found Plaintiff guilty of disobeying a direct order and placed him on two months of commissary restriction.

On June 23, 2014, Plaintiff was moved from B-dorm to E-dorm. Upon his arrival in E-dorm, he notified Officer Pot that he suffered from a wool allergy. Plaintiff also complained that he never received his blankets after leaving segregation.

On June 25, 2014, Officer Gephart visited Plaintiff in E-dorm twice (Doc. 1, p. 7). The first time, he yelled at Plaintiff about making his bed with a wool blanket. Officer Gephart claimed that his wife, who is a nurse in the health care unit, found no documentation of a wool allergy. The second time, Officer Gephart threatened to take Plaintiff to segregation if he again refused to make his bed with a wool blanket.

The same day, Plaintiff went to the health care unit and obtained documentation allegedly confirming the diagnosis. When Officer Gephart was given this documentation on June 26, 2014, he stated, "I don't give a f**k about what those papers say" (Doc. 1, p. 7). When Plaintiff consulted Counselor Schulze on July 2, 2014, Counselor Shulze investigated the matter and told Plaintiff that a nurse denied the existence of any diagnosis in his medical records. The

---

[1] Sergeant Simmons is not named as a defendant in this action.

same day, Plaintiff received a similar communication from the adjustment committee, medical director, and warden, in response to a grievance he filed.

Plaintiff's fiancé then wrote the warden a letter. She received a response on August 6, 2014. In it, the warden indicated that "the institution had overlooked this matter," but "nothing has changed" (Doc. 1, p. 7). This same warden concurred with the grievance committee that found no indication of a wool allergy in Plaintiff's medical file.

Plaintiff now sues Vandalia and five officials for harassment (Doc. 1, p. 8). These officials include Defendants Luth (warden), Marcum (medical director), Gephart (lieutenant), Pot (officer), and Godinez (Director of the Illinois Department of Corrections ("IDOC")). Plaintiff seeks "compensation." He also requests a prison transfer because he fears retaliation from these officials for filing this lawsuit.

## Discussion

**A.     Claims**

The complaint fails to state a claim upon which relief can be granted, either for harassment (**Count 1**) or retaliation (**Count 2**). In addition, the Court can discern no other basis for relief, whether under the Eighth Amendment (**Counts 3 & 4**), Fourteenth Amendment (**Count 5**), or elsewhere. Accordingly, the complaint shall be dismissed.

### Count 1 - Harassment

The allegations of harassment (**Count 1**) are vague. Plaintiff generally alleges that he was subjected to harassment in conjunction with his wool allergy. The complaint does not define, however, even in general terms, the conduct constituting harassment. The Seventh Circuit has made it clear that "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner

equal protection of the laws." *Dewalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). In contrast, calculated harassment, without penological justification, may rise to the level of an Eighth Amendment claim. *See Hudson v. Palmer*, 468 U.S. 517, 528-30 (1984).

The allegations in the instant complaint do not support an actionable harassment claim. The defendants' interactions with Plaintiff coincided with his admitted refusal to make his bed, which was also a "direct order." At the time of the direct order, the defendants were allegedly unaware of a documented wool allergy. In other words, the complaint plainly suggests that the defendants believed that Plaintiff had no allergy and was simply refusing to make his bed—not that they were punishing him for no reason other than to torment him. Their subsequent actions had penological justification. Accordingly, **Count 1** shall be dismissed.

### Count 2 - Retaliation

The complaint also states no retaliation claim (**Count 2**) against the defendants. In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). An inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the chronology of events demonstrating the retaliatory conduct suffice. *Id.*

The complaint includes no allegations suggesting that retaliation occurred. Plaintiff instead seeks a prison transfer *in anticipation of* retaliation by prison officials for filing this lawsuit. Plaintiff cannot bring a retaliation claim for conduct that has not yet occurred. Therefore, **Count 2** shall also be dismissed.

### Count 3 – Conditions of Confinement

The complaint includes insufficient allegations to support an Eighth Amendment claim for unconstitutional conditions of confinement (**Count 3**). In order to state a claim, Plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991). The objective analysis turns on whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

Plaintiff's complaint falls woefully short of this standard. The complaint does not allege, or even suggest, that Plaintiff was deprived of alternative bedding. Plaintiff also does not indicate that he was forced to use the wool blanket. The events giving rise to this action occurred exclusively during summer months (June-August 2014), and the complaint does not suggest that Plaintiff was cold at night or that he lost sleep because of the conditions.

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component of an Eighth Amendment claim. The subjective component requires that a prison official had a sufficiently culpable state of mind, *i.e.*, deliberate indifference to inmate health or safety. *Wilson*, 501 U.S. at 298; *McNeil,* 16 F.3d at 124. The official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837

(1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Del Raine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994). Plaintiff's complaint is devoid of any allegations suggesting that the defendants were aware of unconstitutional conditions and responded with deliberate indifference. By all indications, the defendants were unaware of any documented wool allergy, and Plaintiff does not complain of any physical reaction that might have put them on notice. Even if the defendants knew of Plaintiff's wool allergy, the complaint does not suggest that the presence of a wool blanket caused a physical reaction or otherwise deprived him of good health. Based on the foregoing discussion, **Count 3** shall also be dismissed.

### Count 4 – Deliberate Indifference to Medical Needs

Plaintiff does not raise an Eighth Amendment deliberate indifference to medical needs claim (**Count 4**), and the allegations do not support one. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 104; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a prisoner must show that the: (1) medical condition was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard. *Farmer*, 511 U.S. at 834; *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The complaint satisfies neither requirement. With regard to the objective component of this test, the complaint sets forth no allegations suggesting that the wool allergy is serious. Beyond alleging that his Stateville medical records list this allergy, Plaintiff provides no description of the allergy and the reaction it triggers. Standing alone, the fact that Plaintiff's wool allergy is mentioned in his Stateville medical records does not suggest that the allergy is serious. The medical records were not filed with the complaint, so it is unclear whether any

testing was performed to confirm the presence of a wool allergy. No physical symptoms are mentioned in connection with this allergy. Finally, Plaintiff does not allege that he suffered any biological or physical manifestations of this allergy, in response to receiving a wool blanket for use in his cell. And, as already discussed, the Court finds no indication that any defendant responded with deliberate indifference. Accordingly, **Count 4** shall also be dismissed.

### Count 5 – Due Process Claim

Finally, the complaint does not support a due process claim under the Fourteenth Amendment, arising from Plaintiff's placement in segregation, receipt of a disciplinary ticket, adjustment committee hearing, or subsequent punishment. An "inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)). Under certain circumstances, however, an inmate punished with segregation can pursue a claim for deprivation of a liberty interest without due process of law. *See Marion*, 559 F.3d at 697-98.

To satisfy due process standards in the conduct of a prison disciplinary proceeding (even where an allegedly false disciplinary ticket is issued), an inmate must be given advance written notice of the charge, the right to appear before the hearing panel, the right to call witnesses if prison safety allows, and a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). The decision of the disciplinary panel must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395 (7th Cir. 1994). This is the process that is due to Plaintiff, and the complaint does not suggest that the disciplinary hearing violated any of these requirements.

Further, whether a protected liberty interest is implicated by Plaintiff's confinement in segregation depends on whether that confinement "imposed an 'atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts must consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)). Here, again, the complaint falls short. It does not allege, or even suggest, that Plaintiff was confined in segregation for an extended period of time; by all indications, he was there a few days. He also included no complaints about the conditions he faced while there. Having failed to state a Fourteenth Amendment due process claim, **Count 5** shall also be dismissed.

B.   **Suable Defendants**

The complaint also names numerous defendants who cannot be sued in this action for various reasons. Vandalia Correctional Center is one such defendant. Vandalia is not an entity that is subject to being sued in a civil rights action. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Vandalia, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is therefore not subject to a suit under Section 1983. *See Will*, 491 U.S. at 71. Accordingly, Vandalia can be dismissed from this action on this basis.

Defendant Godinez falls into this same category. Plaintiff cannot maintain his suit for money damages against the IDOC's director, Defendant Godinez, for the same reasons that he

on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Courts must consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured." *Id.* at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)). Here, again, the complaint falls short. It does not allege, or even suggest, that Plaintiff was confined in segregation for an extended period of time; by all indications, he was there a few days. He also included no complaints about the conditions he faced while there. Having failed to state a Fourteenth Amendment due process claim, **Count 5** shall also be dismissed.

B.  **Suable Defendants**

The complaint also names numerous defendants who cannot be sued in this action for various reasons. Vandalia Correctional Center is one such defendant. Vandalia is not an entity that is subject to being sued in a civil rights action. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Vandalia, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is therefore not subject to a suit under Section 1983. *See Will*, 491 U.S. at 71. Accordingly, Vandalia can be dismissed from this action on this basis.

Defendant Godinez falls into this same category. Plaintiff cannot maintain his suit for money damages against the IDOC's director, Defendant Godinez, for the same reasons that he

cannot sue Vandalia.  Because the complaint seeks only money damages and no injunctive relief, Defendant Godinez can also be dismissed on this basis.

Further, although Defendant Marcum is listed in the case caption, she is not discussed in the narrative portion of the complaint.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  Based on a lack of allegations against Defendant Marcum, the Court can discern no basis for relief against her, and she can be dismissed on this basis.[2]

Finally, Defendant Pot is subject to dismissal for similar reasons.  His name is mentioned in passing in the narrative.  Plaintiff alleges that he told Defendant Pot about the wool allergy and complained about not receiving his blankets from segregation.  Beyond this, the complaint sets forth no allegations about Defendant Pot's response. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on

---

[2] To the extent that either defendant is name based on his or her role in denying Plaintiff's grievance, this does not constitute "personal involvement" in the underlying constitutional deprivation.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

notice of which claims in the complaint, if any, are directed against him.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Under the circumstances, Defendant Pot can also be dismissed from this action.

In summary, **Counts 1, 2, 3, 4,** and **5** shall be dismissed from this action.  Based on the absolute lack of factual or legal support for any of these claims, the dismissal shall be with prejudice.  All defendants shall also be dismissed with prejudice, and this case closed.

### Disposition

**IT IS HEREBY ORDERED** that the case is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.  Defendants **VANDALIA CORRECTIONAL CENTER, GODINEZ, LUTH, MARCUM, GEPHART,** and **POT** are **DISMISSED with prejudice** from this action.  **IT IS FURTHER ORDERED** that the pending motion (Doc. 5) is **DENIED** as **MOOT**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(A)(4).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A

timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.³  FED. R. APP. P. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  October 30, 2014

_____
**NANCY J. ROSENSTENGEL**
**U.S. District Judge**

---

³ A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).